UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-cv-52-RLV
(5:08-cr-27-RLV-DCK-1)

| | |
|---|---|
| RUBEN RUIZ-CHAVEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

THIS MATTER comes before the Court on Petitioner's Motion to Alter/Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 12).

## I. BACKGROUND

Petitioner is serving a 120-month sentence after pleading guilty in this Court to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. On April 11, 2011, Petitioner filed the underlying motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. On June 3, 2013, this Court denied and dismissed Petitioner's motion to vacate on the merits. (Doc. No. 10). On June 14, 2013, Petitioner filed the pending motion to alter/amend judgment, which he brings under Rule 59(e) of the Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

1

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

### III. DISCUSSION

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his motion to vacate, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Rather, in his motion Petitioner merely reasserts or extrapolates on some of the allegations made in the original motion to vacate and in his Reply to the Government's Response. Specifically, Petitioner complains that, before sentencing, his counsel conveyed Petitioner's "confidential" information to the Government, which resulted in Petitioner's failure

2

to receive the benefit of the safety valve at sentencing because the Court determined that Petitioner had not been truthful. The record shows that Petitioner had made what the Government had contended was an untruthful statement about one of his co-defendants, the Government asked Petitioner's counsel whether Petitioner had intended to make the statement, and counsel simply affirmed to the Government, after consulting with Petitioner, that Petitioner had actually made the statement. Petitioner simply fails to show that counsel rendered deficient performance by his conduct, or that there was any prejudice. In its order denying the motion to vacate, this Court found that counsel appropriately advocated for Petitioner to benefit from the safety valve, and Petitioner has simply not presented grounds sufficient to alter or amend this Court's judgment. In sum, the Court will deny Petitioner's motion.

## IV. CONCLUSION

Based on the foregoing, the Court will deny Petitioner's motion to alter/amend judgment.

**IT IS, THEREFORE, ORDERED** that

(1) Petitioner's Motion to Alter/Amend Judgment, (Doc. No. 12), is **DENIED**.

(2) The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of

appealability.  <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

Signed: March 27, 2015

Richard L. Voorhees
United States District Judge